## In re DOYLE.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

ATTORNEY AND CLIENT (§ 38*)—CENSURE OF ATTORNEY FOR MISCONDUCT—FALSE AFFIDAVIT.

Respondent, having been successful on a reference, paid the referee's fee and obtained the report, but did not pay the stenographer's bill, which he believed excessive, intending to require the stenographer to reduce it. Before he did so, however, desiring to obtain an order confirming the report, and requiring the adverse party to repay the costs of the reference, he filed an affidavit in which he swore that he had paid the fees of both the referee and the stenographer. On his attention being called to the mistake, he took no steps to have the affidavit withdrawn and a proper one substituted, and in his answer to proceedings against him asserted that it was a mere inadvertence. *Held*, that respondent did not properly appreciate the duty of an attorney, but that his conduct deserved the severe disapproval and censure of the court.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. § 38.*]

Application to discipline Matthew P. Doyle, an attorney, for alleged misconduct.

See, also, 118 N. Y. Supp. 1093.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Einar Chrystie, for petitioner.

Matthew P. Doyle, pro se.

PER CURIAM. In this proceeding it was charged that the respondent, as attorney for the plaintiff in an action in the City Court, made an affidavit and submitted the same to the court that he had paid the referee's fees of $60 and the stenographer's fees of $28.50, the costs of a reference. This affidavit was presented to obtain an order of the court confirming the referee's report, and requiring the party against whom the referee had reported to repay to the respondent the costs of the reference. The statement that the respondent had paid the fees of the stenographer was false, as he claimed that such fees were excessive, and he intended to require the stenographer to reduce the amount of her charge.

It seems that a reference was ordered to take testimony in an action in the City Court as to whether a summons had been served upon one of the defendants therein. The referee notified the respondent that he had reported in his favor. When respondent called on the referee, the referee delivered his report to the respondent, with the bill for his fees and a bill of the stenographer for the testimony taken before him. The respondent gave to the referee a check for his fees and took the stenographer's bill with him. This was on December 19, 1908. The respondent says that he considered the bill excessive, and subsequently and on the same day called at the stenographer's office to obtain a reduction, but she was not in; and on December 21, 1908, being anxious to obtain an order denying the motion to vacate the judgment, he

swore to the affidavit that he had paid the referee's fees of $60 and the stenographer's fees of $28.50. When he signed this affidavit on December 21st, he inserted in the blank after the stenographer the amount which he then swore he had paid, and upon that affidavit an order was entered confirming the report and requiring the defeated party to pay the $60 referee's fees and the $28.50 stenographer's fees. The respondent's excuse is that he dictated this affidavit on December 19th, leaving the amount of the bill blank; that on December 21st he intended to pay the bill, although he considered it excessive, and then inserted the amount of $28.50, but did not notice the fact that the affidavit contained a statement that he had paid that bill; that he forgot the matter for several days, when his attention was called to it by the attorney for the stenographer over the telephone; but he did not pay the bill then, and did not pay it until May 27, 1909, five months afterwards.

The respondent's explanation is that he did not notice that the word "paid" was in the affidavit, that the word "incurred" would have been just as effective for his purpose as "paid," and that this was a mere inadvertence. But if he resisted the payment of this stenographer's bill as excessive, and did not intend to pay it, it would have been false for him to have sworn that he had incurred an obligation to pay what he intended to dispute and which he did not concede he was bound to pay. This is an illustration of what is occasionally called to our attention of the lack of care of attorneys in swearing to affidavits. Here an attorney of the court, swearing to the truth of an allegation contained in an affidavit which is to be presented to the court, and upon which judicial action is to be based, does not deem it culpable that the affidavit contains statements which are false, and considers it a sufficient answer to say that it was a mere "inadvertence." He does not consider that his obligations to the court required him to see that the statements contained in the affidavit are true. The attitude of this respondent, both before the court and before the referee, is much more censurable than the mistake in verifying the affidavit. When the respondent's attention was called to the fact that he had sworn to a false affidavit, he did not notify the court of the fact, and ask leave to withdraw the affidavit, and substitute one which contained the truth; and when subsequently the stenographer demanded the payment of the bill, which the attorney had sworn was paid, he refused to pay it, and again contested the correctness of the charge. It is quite true that it was the duty of the respondent to refuse to pay a bill on behalf of his client which was excessive. It certainly is equally true that it was highly culpable for him to allow an affidavit which did not correctly state the facts to remain on file, without apprising the court of the fact that a mistake had been made, but entering an order on it requiring another party to pay the amount of this bill, which he had sworn he had paid, but which he had not paid, and the correctness of which he disputed.

It might be, and the referee appears to have been satisfied, that this mistake was the result of carelessness and inattention, as the respondent is only convicted by the referee of culpable carelessness. In view of the good character that the respondent has established, the

court has concluded that it would not be necessary to inflict any additional punishment than that indicated by a confirmation of the referee's report, and his statement that the respondent, by swearing to an affidavit that he had not read, and with which he was not familiar, and presenting such an affidavit to the court, upon which he asked the court to base judicial action, was guilty of culpable carelessness and deserves the severe disapproval and censure of the court. The whole attitude of the respondent in respect to what is a serious charge shows that he has utterly failed to appreciate the duty of a member of the profession to the courts. While the court, in view of the good character of the respondent, fails to inflict any further punishment, it cannot allow this conduct to pass without expressing its opinion that it is a most serious offense for an attorney to present to the court an affidavit which he has verified and which he does not know to be correct.

With this expression of opinion, nothing further will be done in this proceeding.

